This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **NO. 33,232**

**MARIA DE JESUS SALAZAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     This case came before this Court pursuant to the appeal by Maria De Jesus Salazar (Defendant) of her convictions for acceptance of a bribe by a witness in violation of NMSA 1978, Section 30-24-3.1 (1991), and for failure to report child abuse and neglect in violation of NMSA 1978, Section 32A-4-3 (2005). Our calendar notice proposed to affirm issues relating to Defendant's conviction for acceptance of a bribe and to reverse her conviction for failure to report child abuse and neglect based on insufficient evidence. Subsequent to issuance of our notice, Defendant filed a motion to withdraw her appeal. This Court in turn issued our December 10, 2013, order, where we set forth our intention to grant Defendant's motion to withdraw her appeal and to remand for the limited purpose of vacating her conviction for failure to report child abuse and neglect. We allowed the parties twenty days to respond to our order's stated intention. The State filed a response, and Defendant did not.

{2}     Having considered both Defendant's motion to withdraw her appeal and the State's response to our December 10, 2013, order, we sever Defendant's appeal of her convictions. *See generally* Rule 12-401(B) NMRA (providing, in pertinent part, that "[a]n appeal or other proceeding may be dismissed by the appellate court after motion by the appellant or person instituting the proceeding, *and upon such terms as are fixed by the appellate court* or agreed upon by the affected parties" (emphasis added)). As

to Defendant's conviction for acceptance of a bribe, we grant her motion to withdraw her appeal and, thereby, dismiss her appeal of this conviction.

{3}     As to Defendant's conviction for failure to report, for the reasons provided in our notice and as contemplated by our December 10, 2013, order, we reverse this conviction and remand to the district court with instructions to vacate this conviction. In doing so, we rely on *State v. Strauch*, 2014-NMCA-020, 317 P.3d 878, *cert. granted*, ____-NMCERT-___, ___ N.M. ___, ___ P.3d ___ (No. 34,435, Jan. 10, 2014), and conclude that Defendant was not subject to the reporting requirement in Section 32A-4-3(A).  We have considered the State's response where the State acknowledges "that it appears that . . . *Strauch* is dispositive of this case." [response, red clip/2]  The State argues, however, that *Strauch* was wrongly decided and, thereby, urges this Court to reconsider its application of *Strauch*.  [response, red clip/2]  Alternatively, the State requests that we hold this case in abeyance pending the Supreme Court's decision in *Strauch* on its certiorari review, or that we certify this case to the Supreme Court to be consolidated with *Strauch*.  [response, red clip/2] We decline to take the State's suggested approaches and instead rely on *Strauch* to reverse and remand with regard to Defendant's conviction for failure to report abuse and neglect. *See generally Gubransen v. Progressive Halcyon Ins. Co.*, 2010-NMCA-082, ¶ 13, 148 N.M. 585, 241 P.3d 183 (holding that a formal Court of Appeals opinion is

3

controlling authority, even when the New Mexico Supreme Court has granted certiorari in the case).

{4}     To conclude, we sever Defendant's appeal of her convictions for acceptance of a bribe by a witness and for failure to report child abuse or neglect.  We grant Defendant's motion to withdraw her appeal for her conviction for acceptance of a bribe by a witness and, thereby, dismiss her appeal of that conviction.  For the remaining severed appeal, we reverse Defendant's conviction for failure to report abuse and neglect and remand with instructions for the district court to vacate this conviction.

{5}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**